IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
: CASE NO.  1:12 CV 01510
ANGELA L. McCANN, :
:
Plaintiff, : MEMORANDUM AND ORDER
:
-vs- :
:
:
KATHRYN M. DESVARI, et al, :
:
Defendants.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

The United States of America removed this action from state court as substituted counter-claim / third-party defendant for Angela L. McCann, a federal employee, invoking the Court's jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The government moves to dismiss claims against Ms. McCann in her personal capacity, and moves to dismiss all claims against the United States for want of jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons that follow, the government's motions are granted.

**I. Background**

Plaintiff Angela L. McCann is an employee of the United States Postal Service ("USPS"). (Doc. 5-4). On 3 September 2010, while operating a USPS vehicle within the

scope of her employment, Ms. McCann was involved in an automobile accident with another driver. (Doc. 5-2, p.1; Doc. 5-4). Ms. McCann allegedly sustained personal injury as a result. (Doc. 5-2, pp. 1-2). On 10 February 2012, she filed suit in Lorain County Court of Common Pleas against defendant Kathryn Desvari, the driver of the other vehicle. Ms. McCann maintains the defendant's negligence caused her injuries and seeks an award of damages. (Doc. 5-2, p. 2).

On 18 May 2012, defendant Kathryn Desvari filed a counterclaim against Ms. McCann, seeking compensation for personal injuries she allegedly sustained as a result of the plaintiff's negligence. (Doc. 5-3). The vehicle that Kathryn Desvari was driving at the time of the accident was allegedly damaged as well. (Doc. 5-3, p. 3). The vehicle's owner, Kathryn's mother Diane Desvari, joined the suit as a third-party plaintiff, seeking compensation for property damage to her vehicle. (Doc. 5-3, pp. 3-4).

On 13 June 2012, the case was removed to this Court by the United States of America. (Doc. 1). The government indicates that because Ms. McCann, a federal employee, was acting within the scope of her employment at the time of the accident, the counterclaims and third-party complaint asserted against her amount to a suit against the United States. The government accordingly maintains removal jurisdiction is proper pursuant to 28 U.S.C. § 1442(a)(1). The United States filed a notice of substitution for Ms. McCann as to the claims asserted against her. (Doc. 4).

On 6 July 2012, the United States filed the instant motions, arguing that it is the proper party to defend the counterclaim and third-party complaint filed by the Desvaris. The government maintains that the claims against Ms. McCann should be dismissed because she is shielded from liability for common law torts, pursuant to the Westfall Act,

28 U.S.C. § 2679(b)(1) . The government further maintains that the Court lacks subject matter jurisdiction over the claims asserted against it, because the United States has not waived its sovereign immunity pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

## II. Discussion

Before addressing the government's motions, this Court must consider whether its removal jurisdiction was properly invoked. Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte."). The government removed this matter pursuant to 28 U.S.C. § 1442(a)(1), which provides for removal of a civil action or criminal prosecution brought in a state court against

> [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). "[T]he right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." Willingham v. Morgan, 395 U.S. 402, 406 (1969). "If the statutory prerequisites are satisfied, section 1442(a)(1) provides an independent federal jurisdictional basis." Magnin v. Teledyne Cont'l Motors, 91 F.3d 1424, 1427 (11th Cir. 1996). Thus, although removal cannot ordinarily be based merely on the presence of "an anticipated or actual federal defense," "[u]nder the federal officer removal statute, suits against federal officers may

3

be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999). The Supreme Court has advised that Congress's determination that the federal government requires the protection of a federal forum "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." Willingham, 395 U.S. at 407.

In this instance, it is undisputed that Ms. McCann was acting in the course of employment with USPS when the auto accident occurred, and that the government raises federal defenses on her and its own behalf under the Westfall Act and the Federal Tort Claims Act. As a consequence, the government has provided proper grounds for removal under 28 U.S.C. § 1442(a)(1).

Next, the Court agrees with the government in this instance that the United States has been properly substituted as a party and that claims asserted against Ms. McCann personally should be dismissed. The Westfall Act provides in pertinent part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). The Attorney General has delegated to the United States Attorney the authority to provide the Section 2679(d) certification. 28 C.F.R. § 15.3 (1989). A Section 2679(d) certification is entitled to "prima facie effect" that the employee acted within the scope of her employment. RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1143 (6th Cir. 1996). The burden then shifts

4

to the opponent of certification to prove by a preponderance of the evidence that the employee acted outside the scope of her employment. Bancoult v. McNamara, 370 F. Supp. 2d 1, 7 (D.D.C. 2004).

In this instance, the United States Attorney for the Northern District of Ohio, has certified that Ms. McCann was acting within the scope of her employment at the time of the incident. The Desvaris concede that Ms. McCann was driving a postal service vehicle when the accident occurred, and they offer no opposition to the U.S. Attorney's certification. The Court accordingly accepts Mr. Dettelbach's certification and concludes that Ms. McCann was acting within the scope of employment at the time of the accident. Therefore, the United States was properly substituted as a party in this instance, and all claims asserted against Ms. McCann in her personal capacity will be dismissed pursuant to Federal Rule 12(b)(6).

Further, the Desvaris' claims against the United States must be dismissed on the grounds of sovereign immunity. "The federal courts may exercise subject matter jurisdiction over a cause prosecuted against a federal agency only if the United States has consented to be sued by waiving sovereign immunity." Fed. Exp. Corp. v. U.S. Postal Serv., 151 F.3d 536, 539 (6th Cir. 1998) (citing United States v. Mitchell, 463 U.S. 206, 212 (1983)). Under the Federal Tort Claims Act, a common law tort action cannot be maintained against the United States until the claimant has exhausted her administrative remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). "The administrative claim procedure prescribed in 28 U.S.C. § 2675 is jurisdictional," and "no suit may be maintained under

5

the Act in the absence of compliance." Executive Jet Aviation Inc. v. United States, 507 F.2d 508, 514 (6th Cir.1974).

In the present case, the Desvaris offer no evidence that they have pursued administrative remedies. The United States has submitted the affidavit of Kimberly A. Herbst, Supervisor, Tort Claims Examiner/Adjudicator, with the USPS National Tort Center, indicating that no administrative claim has been filed by or on behalf of either of the Desvaris. The Desvaris do not dispute this assertion. Therefore, because the Desvaris have failed to exhaust their administrative remedies pursuant to the FTCA, their claims must be dismissed for lack of subject matter jurisdiction.

### III. Conclusion

For the reasons stated above, the United States' motions to dismiss are granted. Claims against Ms. McCann in her personal capacity are dismissed with prejudice. Because the Desvaris have failed to exhaust administrative remedies, their claims against the United States of America are dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

                                             /s/ Lesley Wells
                                           UNITED STATES DISTRICT JUDGE

Date:  10 July 2013